IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, solely in its capacity as securities intermediary,<br><br>Plaintiff,<br><br>v.<br><br>NASSAU LIFE INSURANCE COMPANY; and SUE L. BETRES,<br><br>Defendants. | CIVIL ACTION NO.   2:22-cv-1613<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff U.S. Bank National Association ("US Bank"), solely in its capacity as securities intermediary ("Securities Intermediary")[1] for Entitlement Holder, by and through its attorneys, hereby files this Complaint against Defendants Nassau Life Insurance Company ("Nassau") and Sue L. Betres ("Betres", and together with Nassau, "Defendants") and alleges as follows:

## NATURE OF ACTION

1. This is an action to compel payment of the $6,000,000 death benefit ("Proceeds") payable under insurance policy no. 97523084 ("Policy") insuring the life of John D. Betres ("Decedent") issued by Nassau's predecessor-in-interest, PHL Variable Insurance Company ("PHL"). The Policy is currently owned solely by Securities Intermediary, and designates Securities Intermediary as the sole beneficiary. A true and correct copy of the Policy is attached hereto as **Exhibit 1** and incorporated by reference herein.

---

[1] US Bank at all relevant times has acted solely as Securities Intermediary for the beneficial owner of the life insurance policy at issue in this case, not in its individual capacity. *See* 13 Pa. Cons. Stat. § 8102(a) (defining "Securities Intermediary").

2. Securities Intermediary lawfully acquired the Policy, diligently paid premiums on the Policy, and submitted a valid claim for payment of the Proceeds. Despite that, Nassau refuses to pay the Proceeds to Securities Intermediary because Ms. Betres claims that the Policy was first purportedly purchased with marital funds by a trust and is a marital asset to which she may have a claim for equitable distribution.

3. Securities Intermediary brings this action and asserts claims for declaratory judgment against Defendants and tortious interference with a contract against Ms. Betres, to secure the Proceeds rightfully owing to Securities Intermediary.

**PARTIES**

4. US Bank is a national banking association organized and existing under federal law with its principal place of business in Minneapolis, Minnesota and therefore a citizen of the state of Minnesota for diversity jurisdiction purposes. Pursuant to the Securities Account Agreement between US Bank and Entitlement Holder ("SAA"), Securities Intermediary maintains a securities account for Entitlement Holder in which Securities Intermediary credited Entitlement Holder's security entitlement to the Policy. As Securities Intermediary, US Bank is "a person, including a bank or broker, that in the ordinary course of its business maintains a securities account for other and is acting in that capacity." 13 Pa. Cons. Stat. § 8102(a) (defining "Securities Intermediary"). The Policy constitutes a "Financial Asset" that Securities Intermediary has credited to Entitlement Holder's securities account. *See id.* (defining "Financial Asset"). Entitlement Holder is the "Entitlement Holder" of the Policy. *See id.* (defining "Entitlement Holder"). As the entitlement holder, Entitlement Holder can exercise the rights with respect to the Financial Asset, in this case the Policy, credited to its securities account, and has directed and authorized US Bank, as Securities Intermediary, to file this Complaint. US Bank, as

Securities Intermediary, is identified as the owner and designated beneficiary on the records of the insurance company, Nassau.

5. Nassau is an insurance company organized and existing under the laws of the state of New York, with its principal place of business in Hartford, Connecticut. Nassau is the successor-in-interest to PHL.

6. Upon information and belief, Ms. Betres is an adult resident and citizen of the commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and there is complete diversity among Securities Intermediary and Defendants.

8. This Court has personal jurisdiction over Nassau because, upon information and belief, its predecessor-in-interest, PHL, purposely availed itself of the privilege of conducting activities in the commonwealth of Pennsylvania and issued the Policy at issue in this Commonwealth.

9. This Court has personal jurisdiction over Ms. Betres, because upon information and belief, she is a citizen, resident, and domiciliary in the commonwealth of Pennsylvania.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because this is the district where the Policy at issue was applied for, issued, and delivered.

## FACTS

11. On or around August 13, 2007, Decedent, as "Settlor", and William M. Burbank, Jr., as "Trustee", entered into the Irrevocable Trust Agreement, dated August 13, 2007, that formed the John D. Betres Irrevocable Life Insurance Trust, dated August 13, 2007 ("Insurance Trust"). A true and correct copy of that agreement is attached hereto as **Exhibit 2** and incorporated by reference herein.

12. Ms. Betres was designated as the Insurance Trust's initial beneficiary.

13. On or about October 23, 2007, PHL issued the Policy on the life of Decedent with a face amount of $6 million. [2]

14. The Insurance Trust was the Policy's initial owner and designated beneficiary.

15. Decedent, as the "Settlor", and Ms. Betres, as the "Investment Trustee", entered into the Agreement and Declaration of Trust, dated November 1, 2007 ("Trust Agreement") that created the John D. Betres 2007 Irrevocable Trust, dated November 1, 2007 ("Master Trust"). A true and correct copy of the Trust Agreement is attached hereto as **Exhibit 3** and incorporated by reference herein.

16. Ms. Betres was designated as the Master Trust's Investment Trustee and sole beneficiary.

17. The Trust Agreement authorized Ms. Betres, as the Investment Trustee, to "acquire … one or more insurance policies … on the life of [Decedent], and to retain each such policy … as a part of the property of this trust." Ex. 3 at 22 (Trust Agreement § F.1). It also authorized Ms. Betres to "sell, assign (absolutely or collaterally), pledge, or hypothecate each

---

[2] All exhibits have been redacted to protect privacy.

life insurance policy" insuring the life of Decedent and acquired by the Master Trust. *Id.* (Trust Agreement § F.2(e)).

18. On or around November 6, 2007, the Insurance Trust's trustee signed a Certificate of Beneficial Interest that changed the Insurance Trust's beneficiary from Ms. Betres to the Master Trust. A true and correct copy of that certificate is attached hereto as **Exhibit 4** and incorporated by reference herein.

19. On or around July 17, 2009, the Master Trust sold and assigned its beneficial interest in the Insurance Trust to Oceanus LLC pursuant to the Beneficial Interests Option Agreement, dated November 13, 2007 ("Option Agreement") and the Amendment to and Early Exercise Under Beneficial Interests Option Agreement ("Amendment"). Decedent and Ms. Betres, as the Master Trust's Investment Trustee, both signed the Amendment. A true and correct copy of the Amendment is attached hereto as **Exhibit 5** and incorporated by reference herein.

20. By letter dated July 29, 2009, Oceanus requested the Investment Trust's trustee to transfer Oceanus's beneficial interest in the Insurance Trust to Estate Planning LLC.

21. On or around July 31, 2009, the Insurance Trust's trustee signed a Certificate of Beneficial Interest that changed the Insurance Trust's beneficiary from the Master Trust to Estate Planning LLC. A true and correct copy of that certificate is attached hereto as **Exhibit 6** and incorporated by reference herein.

22. On or after February 11, 2011, the Insurance Trust's signed the Designation of Owner form to change the Policy's owner of record from the Insurance Trust to Securities Intermediary. Around that time, Securities Intermediary submitted to PHL that Designation of Owner form and the Designation of Beneficiary form to change the Policy's designated

beneficiary from the Insurance Trust to Securities Intermediary. A true and correct copy of those forms is attached hereto as **Exhibit 7** and incorporated by reference herein.

23. By letter dated April 14, 2011, PHL confirmed that Securities Intermediary is the current owner and beneficiary of the Policy. A true and correct copy of that letter is attached hereto as **Exhibit 8** and incorporated by reference herein.

24. After PHL sent that confirmation letter, Nassau assumed the Policy from PHL, including the Policy's obligations and liabilities.

25. Before July 31, 2017, the Subsequent Owner acquired the Policy and accepted assignment of all rights and obligations under the Policy.

26. Pursuant to the Securities Account Control Agreement between the Subsequent Owner and Securities Intermediary, Securities Intermediary maintains a securities account for the Subsequent Owner. Pursuant to an entitlement order between the Subsequent Owner and Securities Intermediary, Securities Intermediary established a security entitlement to the Policy for the benefit of the Subsequent Owner by crediting the Policy to the Subsequent Owner's securities account.

27. On July 31, 2017, the Subsequent Owner sold the Policy to Entitlement Holder pursuant to the Purchase Agreement and the Bill of Sale.

28. Pursuant to the SAA, Securities Intermediary maintains a securities account for Entitlement Holder.

29. Pursuant to the Entitlement Order among the Subsequent Owner, Entitlement Holder, and Securities Intermediary, Securities Intermediary established a security entitlement to the Policy on July 31, 2017 for the benefit of Entitlement Holder by debiting the Policy from the

Subsequent Owner's securities account and crediting the Policy to Entitlement Holder's securities account.

30. Around September 24, 2021, Ms. Betres filed an Emergency Motion for Special Relief and Injunction ("Motion") in the divorce action styled as *Sue L. Betres v. John D. Betres*, case no. 1667 of 2020-D in the Court of Common Pleas of Westmoreland County, PA ("Divorce Action"). In the Motion, Ms. Betres claimed that the Policy was purchased with marital funds while she was married to Decedent and before their separation, so there purportedly was a presumption that the Policy constituted a marital asset that would entitle Ms. Betres to the Policy's equitable distribution. Ms. Betres moved for an order enjoining Nassau and Securities Intermediary, among others, from disposing or distributing "these funds" until Ms. Betres's claims for equitable distribution had been resolved or further Order of the Court.

31. Securities Intermediary denies the allegations and claims in the Motion.

32. Entitlement Holder and Securities Intermediary did not and could not have any notice of Ms. Betres's claim to the Policy, which she made known for the first time in the Motion, before Entitlement Holder purchased the Policy and Securities Intermediary established a security entitlement to the Policy upon crediting the Policy to Entitlement Holder's securities account.

33. On September 27, 2021, the Court in the Divorce Action entered an order enjoining Nassau and Securities Intermediary, among others, from distribution of any funds associated with the Policy, including the cash surrender value, and subject to the injunction of the Court, pending Decedent's and Ms. Betres's claims of equitable distribution and further Order of the Court ("Injunction"). A true and correct copy of the Injunction is attached hereto as **Exhibit 9** and incorporated by reference herein.

34. Since the issuance of the Policy, all premiums due on the Policy had been paid and all requirements to keep the Policy continuously in force and effect had been met.

35. Decedent died on April 28, 2022.

36. Following Decedent's death, Securities Intermediary, as the sole owner and beneficiary of the Policy, submitted a claim to Nassau for payment of the Proceeds.

37. Despite that valid claim, the Injunction resulting from Ms. Betres's claim prohibited Nassau from paying the Proceeds to Securities Intermediary.

38. On August 17, 2022, the Court in the Divorce Action entered an order requiring US Bank to file an action in federal court seeking declaratory judgment regarding the Policy and to provide notice to the Court of the filing of that action. Upon the filing of that action, the Court in the Divorce Action will enter an order withdrawing the Injunction. A true and correct copy of that August 17, 2022 order is attached hereto as **Exhibit 10** and incorporated by reference herein.

39. As of this date, Nassau has not paid the Proceeds to Securities Intermediary or, upon information and belief, to Ms. Betres.

## COUNT 1 – DECLARATORY JUDGMENT

**(Against Defendants)**

40. Securities Intermediary repeats and realleges the allegations contained in paragraphs 1 through 39, above, as if fully set forth herein.

41. For the reasons stated herein, there exists an actual dispute and controversy between Securities Intermediary and Defendants concerning Securities Intermediary's rights under the Policy and to the Proceeds, including whether Ms. Betres has the right to claim any portion of the Proceeds.

42. Accordingly, Securities Intermediary seeks a declaration that neither Ms. Betres nor anyone other than Securities Intermediary has any right to the Proceeds, and that the Proceeds (and any accrued interest) must be paid to Securities Intermediary.

43. Such a declaration will prevent or limit any future controversies under the Policy by declaring the rightful beneficiary of the Policy and the Proceeds.

## COUNT 2 – INTENTIONAL TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONSHIP

**(Against Ms. Betres)**

44. Securities Intermediary repeats and realleges the allegations contained in paragraphs 1 through 39, above, as if fully set forth herein.

45. Securities Intermediary and Nassau have an existing contractual relationship under the Policy.

46. Ms. Betres intended to harm Securities Intermediary by interfering with that contractual relationship based on a false claim that she alleged in the Motion, causing the Court in the Divorce Action to enter the Injunction.

47. Ms. Betres lacked privilege or justification to assert that claim, because she signed the Amendment as the Investment Trustee of the Master Trust, and therefore knew that the Master Trust had sold and assigned its beneficial interest in the Investment Trust and ultimately the Policy. Ms. Betres thus had no reason to believe that she had any direct or indirect interest in either the Policy or the Proceeds, contrary to her false representation to the Court in the Divorce Action.

48. As a direct and proximate cause of Ms. Betres's foregoing conduct, Securities Intermediary has been damaged in an amount that is no less than $6 million.

49. Ms. Betres's foregoing conduct demonstrates intentional, willful, wanton, or reckless conduct that further warrants and award of punitive damages and such other relief that is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Securities Intermediary prays for relief and judgment as follows:

A. Declaring that Securities Intermediary has the right to claim the Proceeds and that Nassau must pay the Proceeds to Securities Intermediary, or alternatively if the Proceeds are deposited with this Court, ordering the Proceeds to be paid to Securities Intermediary;

B. Awarding compensatory damages in an amount that is no less than $6,000,000;

C. Awarding punitive damages against Ms. Betres;

D. Awarding prejudgment interest to the extent permitted by law.

E. Awarding costs of suit incurred herein, including reasonable attorneys' fees to the extent permitted by law; and

F. Any other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Securities Intermediary demands a jury trial on all matters subject to a jury trial.

AFDOCS:26327955.6

Dated: November 11, 2022 			Respectfully submitted,

/s/ Brendan K. Petrick
Brendan K. Petrick (88968)
PETRICKLAW GROUP LLC
4304 Walnut Street, Suite 1
McKeesport, PA 15132
412.969.4444

Julius A. Rousseau, III*
Franjo M. Dolenac*
ARENTFOX SCHIFF LLP
1301 Avenue of the America, 42nd Floor
New York, NY 10010
212.484.3900
jule.rousseau@afslaw.com
franjo.dolenac@afslaw.com

* *Pro hac vice forthcoming*

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS SECURITIES INTERMEDIARY