EXHIBIT 2

# IRREVOCABLE TRUST AGREEMENT

This Irrevocable Trust Agreement (this "Agreement") is made as of August 13, 2007, by and between John D. Betres, as Settlor (the "Settlor"), and William M. Burbank, Jr., as Trustee (the "Trustee").

Recitals:

A. Settlor intends to create an irrevocable trust for the purposes set forth in this Agreement.

B. Settlor intends to transfer certain property to the Trustee.

C. The Trustee is willing to assume the responsibilities set forth in this Agreement.

NOW, THEREFORE, the parties agree as follows:

## Article I
## Name; Beneficiary

A. <u>Name</u>. This Agreement shall be known as the "John D. Betres Irrevocable Life Insurance Trust Agreement," and the initial trust formed under this Agreement shall be known as the "John D. Betres Irrevocable Life Insurance Trust" (the "Trust").

B. <u>Beneficiary</u>. The beneficiary of the Trust (the "Beneficiary") shall be Settlor's spouse, Sue L. Betres.

## Article II
## Trust Property

The Trustee shall receive, manage, invest and dispose of, pursuant to the terms of this Agreement, all property which is delivered to the Trustee by Settlor or any other person (the Settlor or such other person who transfers property to the Trustee is referred to as a "Donor"), or which is left to the Trustee under the will, trust agreement or other document or instrument of Settlor or any other person, or which is delivered to the Trustee pursuant to the exercise by Settlor or any other person of a power of appointment, as well as the proceeds of any insurance policies on the life of the Settlor or any other person where the Trust is named as the beneficiary of such policies.

## ARTICLE III
## WITHDRAWAL RIGHTS

A. <u>Withdrawal Rights</u>. Subject to the provisions of Section D below, each time a Donor transfers property to the Trustee for allocation to the trust, the Beneficiary shall have the power to withdraw an amount equal to the lesser of (i) the fair market value of such property and (ii) the Available Exclusion Amount (as defined herein), or two (2) times the Available Exclusion Amount if the Donor advises the Trustee that the Donor and the Donor's spouse plan

1403503.02

to elect Gift Splitting (as defined herein). As used herein, the "Available Exclusion Amount" means such portion of the amount of the annual gift tax exclusion under Section 2503(b) of the Internal Revenue Code of 1986, as amended (the "Code"), or any corresponding provision of any succeeding law, which the Donor advises the Trustee is available, at the time the Donor transfers property to the Trustee for allocation to the trust, with respect to gifts from the Donor to the Beneficiary, and "Gift Splitting" means a Donor and the Donor's spouse plan to elect to have all gifts made during the applicable calendar year by either spouse considered to have been made one-half (1/2) by the Donor and one-half (1/2) by the Donor's spouse pursuant to Section 2513 of the Code.

B. <u>Notice and Exercise</u>. The Trustee shall provide the Beneficiary with written notice of the existence and extent of the Beneficiary's withdrawal rights within thirty (30) days following the Trustee's receipt of property as to which the Beneficiary has withdrawal rights. The power to withdraw shall be exercised by the Beneficiary's submission to the Trustee of a written request for withdrawal within thirty (30) days after receipt of such notice from the Trustee. The Trustee shall pay the amount due the Beneficiary within thirty (30) days after receipt of the written request for withdrawal by distributing cash or other property, or both. The determination of the value of any property so distributed shall be made by the Trustee and shall be final and binding on the Beneficiary.

C. <u>Powers to be Exercised by Legal Representative</u>. If the Beneficiary is legally incapacitated, the Beneficiary's Legal Representative (as defined herein) shall exercise all rights and give and receive all notices and distributions of property provided for in this Article III on the Beneficiary's behalf. As used herein, "Legal Representative" means the attorney-in-fact, guardian or conservator of a legally incapacitated beneficiary, or a person who holds a power of attorney over the property of a beneficiary (including, without limitation, any person to whom a parent or guardian of the beneficiary has delegated powers regarding the property of the beneficiary pursuant to applicable law).

D. <u>Donor's Right to Limit Withdrawal Rights</u>. Notwithstanding the foregoing, the powers to withdraw provided for in this Article shall not apply to all or any portion of property transferred to the Trustee for allocation to the trust as to which the Donor advises the Trustee in writing is not to be subject to any powers of withdrawal.

E. <u>Non-Cumulative</u>. The powers to withdraw set forth in this Article are non-cumulative. If the Beneficiary does not exercise the power to withdraw within the time period set forth in Section B above, then the power to withdraw shall lapse, and the amount not withdrawn shall be added to the principal of the trust and administered in accordance with the terms of this Agreement.

## Article IV
## Administration of Trust

A. <u>Prior to the Death of the Settlor</u>. Until the death of the Settlor, the Trustee shall distribute to or for the benefit of the Beneficiary (including to a revocable or irrevocable trust for the benefit of the Beneficiary), all or such lesser portion of the net income from the trust, and all or such lesser portion of the trust principal, as the Trustee deems necessary from time to time for

the Beneficiary's health, maintenance, support and education. Any surplus of income shall be accumulated and added annually to the principal of the trust.

  B. <u>Following the Death of the Settlor</u>. As soon as practicable following the death of the Settlor, all of the trust property shall be distributed outright to the Beneficiary, if she is then surviving. If the Beneficiary is not then surviving, all of the trust property shall be distributed to or in favor of such persons, in such manner and in such proportions, as the Beneficiary may appoint in her Will. This power of appointment shall be exercisable only by specific reference to such power in the Will of the Beneficiary. If the Beneficiary predeceases the Settlor, and if the Beneficiary fails to exercise the power of appointment granted her, or insofar as the exercise or attempted exercise of such power is void or does not take effect, then all of the trust property, or the portion thereof not effectively appointed, shall be distributed outright to the Beneficiary's estate.

## Article V
## Spendthrift Provision

Except as otherwise provided herein, the Trustee shall have legal and equitable title to all trust property until the trust property has been delivered to the persons named as beneficiaries under this Agreement. Subject to any power of appointment granted in this Agreement to any beneficiary of a trust established hereunder, no income or remainder beneficiary shall have any title to, or interest in, any principal or income until such has been received by such beneficiary. No disposition, charge or encumbrance in anticipation of such trust principal or income, or any part thereof, by any person named as a beneficiary under this Agreement, shall have any validity or legal effect, nor shall the interest of any beneficiary be in any way liable for any claim of any creditor, spouse, divorced spouse or any other person to whom such beneficiary may be in any way obligated, nor subject to any legal process or bankruptcy proceedings.

## Article VI
## Unanticipated Circumstances

If circumstances arise subsequent to the date of this Agreement which, in the Trustee's judgment, were not contemplated by Settlor on the date of this Agreement, such as significant national or international social, political or economic upheaval, a national or international calamity or catastrophe, or any action, including legislation, on the part of any governmental authority, which would defeat the purpose of any trust created under this Agreement, then, notwithstanding anything to the contrary in this Agreement, the Trustee may direct that any trust shall cease and terminate on a date fixed by the Trustee, and the trust property shall be distributed to the beneficiaries who are currently entitled or eligible to receive the income from the trust, in the proportions such beneficiaries are currently entitled or eligible to receive such income or, in the event such proportions are not specified in this Agreement, in equal shares.

## Article VII
## Trustee Powers

Except as otherwise expressly provided in this Agreement, in addition to all other powers and authority conferred upon the Trustee with respect to each trust established hereunder, the Trustee may exercise such power and authority with respect to the trust property as the Trustee, in its sole, absolute and uncontrolled discretion, deems necessary or advisable to effect any of the provisions of this Agreement, including, without limitation, the following powers and authority:

A. <u>Income</u>. To receive, receipt for and collect all income of every kind and character arising from the trust property.

B. <u>Counsel, Advisors and Agents</u>. To employ such legal, accounting and other counsel, including investment advisors, and such employees and agents, as the Trustee deems advisable, and to fix and determine the compensation to be paid to such counsel, employees and agents.

C. <u>Expenses, Taxes and Assessments</u>. To pay such charges and expenses as the Trustee deems necessary or advisable in connection with the administration of the trusts created under this Agreement, and to pay all taxes and assessments on the trust property or on the income derived therefrom.

D. <u>Commingling</u>. To commingle for investment purposes the property of any one trust established hereunder with the property of any other trust established hereunder, allocating to each trust an undivided interest in the commingled property.

E. <u>Merger</u>. To merge all of the trust property held hereunder with the property of any other trust which is held by the same Trustee for the benefit of the same beneficiaries and upon substantially the same terms and conditions as those set forth herein and, at the Trustee's discretion, either administer the merged assets as a single trust under this Agreement or transfer all of the trust property held hereunder to that other trust, to be administered under the instrument governing that other trust, and thereafter terminate the trust under this Agreement as a separate entity.

F. <u>Environmental</u>. To use and expend trust property to (i) conduct environmental assessments, audits and site monitoring; (ii) take all appropriate remedial action to contain, cleanup or remove any environmental hazard, including a spill, discharge or contamination; (iii) institute legal proceedings concerning environmental hazards or contest or settle legal proceedings brought by any local, state or federal agency concerned with environmental compliance or a private litigant; (iv) comply with any local, state or federal agency order or court order directing an assessment, abatement or cleanup of any environmental hazard; and (v) employ agents, consultants and legal counsel to assist or perform the above undertakings or actions; and no Trustee shall be liable for any loss or depreciation in value sustained by the trust as a result of the Trustee retaining any property on which there is later discovered to be hazardous materials or substances requiring remedial action pursuant to any federal, state or local environmental law, unless the Trustee contributed to that loss or depreciation in value through willful default or misconduct or gross negligence.

G.  Tax Elections.  To exercise, in such manner and to such extent as the Trustee deems advisable, any elections available under the federal tax laws.  The Trustee shall not be accountable to any beneficiary under this Agreement for the manner in which the Trustee exercises such elections.

H.  Banking.  To agree with any bank, trust company or other banking institution as to the manner in which the deposit or withdrawal of funds or other dealings with such banking institution shall be carried on, including the receipt and collection of income and the custody of intangible personal property on behalf of the Trustee.

I.  Investments.  Without regard to diversification, and without regard to whether all or any of such property constitute proper investments for trust funds: (i) to receive and retain the property originally comprising the trust property; (ii) to acquire property by purchase, exchange or otherwise, for such consideration, and on such terms and conditions, as the Trustee deems advisable; (iii) to invest and reinvest the trust property in property of every kind and character; (iv) to hold any property for any time or times as the Trustee deems advisable; and (v) to dispose of any trust property at any time by sale (public or private), exchange, mortgage, pledge, lease for any length of time, license, loan or otherwise, for such consideration, and on such terms and conditions, as the Trustee deems advisable.

J.  Investment Accounts.  To establish and maintain one or more accounts, which may be margin accounts, for the purpose of purchasing, investing in, or otherwise acquiring, selling (including short sales), possessing, transferring, exchanging, pledging, or otherwise disposing of, or turning to account of, or realizing upon, and generally dealing in and with any forms of securities, including, without limitation, shares, stocks, bonds, debentures, notes, scrip, participation certificates, rights to subscribe, options, warrants, certificates of deposit, mortgages, choses in action, evidences of indebtedness, commercial paper, certificates of indebtedness and certificates of interest of any and every kind and nature, secured or unsecured, whether represented by trust, participating and/or other certificates or otherwise, and to delegate such authority to any agent by power of attorney or otherwise.

K.  Life Insurance.  To acquire, purchase, receive, retain and deal with any unmatured policies of life insurance, without being limited by any statute or rule of law governing investments by trustees, even though the Trustee otherwise cannot properly purchase such policies as a trust investment and even though their retention might violate principles of investment diversification, and to exercise any and all rights, powers, discretions, elections, options, privileges and other incidents of ownership with respect to any such policies as the Trustee, in its sole discretion, may determine, including, without limitation:

>the power to pay premiums from trust principal (but not trust income) as and when they become due; to convert any policy of term life insurance to whole life insurance; to change the beneficiary; to borrow money for any purpose (from the issuing company or from others) using the policy as security; to allow dividends to remain with the insurance company or use them to reduce premiums or to purchase additional insurance; to allow cash values to be used to pay premiums; to surrender any such policy for its cash value; to convert any such policy to a

paid-up policy; to collect the proceeds of all insurance policies subject to the terms of this Agreement; to exercise any option of settlement available under the terms of such policies; to institute any suit or proceeding to collect such proceeds; and to take all other actions which the Trustee deems advisable to collect such proceeds (provided that the Trustee shall not be required to institute or maintain any suit or proceeding until the Trustee has been indemnified to its satisfaction against all expenses and liabilities which the Trustee may incur).

Notwithstanding anything else contained in this Agreement to the contrary, premiums for policies on the life of Settlor or Settlor's spouse may not, in any event, be paid from assets of the trust that constitute or are reasonably traceable to taxable income of the trust for federal income tax purposes for the current tax year or any prior or future tax years. The Trustee is exonerated from any and all liability for the results of any exercise or non-exercise of any incident of ownership with respect to any such policies, unless the Trustee has acted in bad faith. No insurance company shall be required to inquire into any of the provisions of this Agreement or see to the application or disposition of the proceeds of such policies, and the receipt of the Trustee to an insurance company shall release and discharge it for any payment made and shall be binding on all beneficiaries under this Agreement.

L. <u>Distributions</u>. To divide and distribute any trust property in kind, or partly in kind and partly in cash, and to fix and determine the values to be assigned on such division or distribution.

M. <u>Allocation of Income and Principal</u>. To determine what part of cash or other property received by the Trustee is income and what part is principal, and to determine what expenses and other charges, including Trustee's fees and disbursements, shall be a charge against principal or income, including, without limitation, the allocation of any allowance for depreciation as a charge against principal rather than as a charge against income; provided, however, that stock dividends, rights to subscribe for any stock or securities, or any profit or gain which may accrue from any sale, exchange or other disposition of any trust property, shall in all cases be treated as principal, after deduction of all income taxes payable with respect thereto, and all losses sustained as a result of the sale, exchange or other disposition of any trust property shall be charged against principal. All cash dividends, except liquidating dividends, shall in all cases be treated as income.

N. <u>Businesses</u>. To negotiate, execute and deliver general and limited partnership agreements, certificates of co-partnership, certificates of limited partnership, articles of organization and operating agreements, and amendments to any of the foregoing; to exercise all rights, powers and discretions, and to perform all duties and obligations, as proprietor, general or limited partner, limited liability company member or manager, or otherwise; to elect or employ officers, directors, managers, employees, contractors and agents; to sell or exchange any interest in any such business to or with such person or persons as the Trustee deems advisable and on such terms and with such security as the Trustee deems appropriate, and in general to exercise all the incidents of ownership of any such interest and to execute and perform agreements with respect thereto; and to incorporate, reorganize, merge, consolidate, recapitalize, sell, wind up, liquidate or dissolve any business as and when, and on such terms and conditions, as the Trustee deems advisable.

O.  Real Estate. To acquire and retain all real estate or any interests in real estate ventures in any form, even though such may constitute all or a large portion of the trust property; to sell and invest and reinvest the proceeds thereof in such real estate or interest in real estate ventures as the Trustee shall deem desirable; and generally to sell, exchange or otherwise dispose of such real estate or interests in real estate ventures on such terms and conditions as the Trustee shall deem desirable and as may be permitted by law; and to receive all rents or other amounts due from any rental or other real estate held hereunder, including any personal property used in conjunction therewith; to enter and maintain, repair, improve, manage and operate all such property; to effect and maintain insurance thereon; to pay all taxes and assessments thereon; to extend, renew, increase or pay off any mortgage or mortgages affecting such property; to abandon such property; to adjust boundaries; to grant easements; to partition; to enter into party-wall contracts; to insure or perfect title; to demolish or erect buildings thereon; to make, extend, renew or modify any lease, for any term or perpetually; and to do all other things necessary or proper in the management and operation of such property.

P.  Business Entities. To form, renew or extend the life of any corporation or business entity under the laws of any state, and to subscribe for, or to otherwise acquire, all or any part of the stock, bonds or other securities or interests of any corporation or business entity.

Q.  Contracts. To make, execute and deliver any deeds, contracts, bills of sale, leases, notes or other instruments or documents which the Trustee deem advisable to effect any of the powers or authority given to the Trustee in this Agreement, even though such instruments or documents bind all or any part of the trust property beyond the term of any trusts created under this Agreement.

R.  Voting of Securities and Other Interests. To vote any stock, securities or other interests in any business entity comprising a part of the trust property, in person or by proxy, in such manner as the Trustee deems advisable, including the voting of such stock, securities or other interest to elect the Trustee to a director, manager or similar position with respect to any corporation or other business entity.

S.  Conversion and Subscription Rights. To exercise or not exercise, or to sell or otherwise dispose of, any conversion or subscription rights or privileges with respect to any stock, securities or other interest comprising a part of the trust property.

T.  Reorganizations. To do all things which the Trustee deems advisable to participate in, or to obtain the benefit of, any plan for the reorganization, consolidation or merger of any corporation or business entity or the sale, lease, mortgage or other disposition by any corporation or business entity, of all or any part of its property or assets, which may affect any trust property, including authority to exchange, on such terms and conditions as the Trustee deems advisable, stocks or interests in any corporation or business entity for stock or interests in the same corporation or business entity or in other corporations or business entities.

U.  Nominee Arrangements. To hold any stock or interests comprising a part of the trust property in the Trustee's own name or in the name of a nominee, without mention of any trust in the certificate evidencing such stock, or in the records of the corporation or business

entity issuing such interests; provided, the Trustee shall be liable for the actions or omissions of its nominees.

V. <u>Borrowings; Loans</u>. To borrow money for the benefit of any trust created under this Agreement, and any entity (whether a partnership, corporation, sole proprietorship, joint venture, association, limited liability company or other entity) in which any trust created under this Agreement has any interest, on such terms and conditions, and from such person or persons, natural or corporate, including any beneficiary under this Agreement, as the Trustee deems advisable, and to secure such loans by the mortgage or pledge of all or any part of the trust property; to loan money, with or without security, on such terms and conditions as the Trustee deems advisable, to the estate of the Settlor, any trust created by the Settlor, or any entity (whether a partnership, corporation, sole proprietorship, joint venture, association, limited liability company or other entity) in which any trust created under this Agreement has any interest.

W. <u>Guaranties</u>. To guaranty any present or future obligation of any trust created under this Agreement, or any entity (whether a partnership, corporation, sole proprietorship, joint venture, association, limited liability company or other entity) in which any trust created under this Agreement has any interest and to secure such guaranty by the mortgage or pledge of all or any part of the trust property, on such terms and conditions and for such purposes as the Trustee, in its discretion, deems advisable.

X. <u>S Corporation Elections</u>. To make or terminate elections with respect to S corporation stock and to make adjustments between income and principal to compensate for the effects of the consequences resulting from the ownership by the trust of S corporation stock, as the Trustee may deem just and equitable; except that if the trust holds S corporation stock and qualifies as a Qualified Subchapter S Trust under Section 1361(d) of the Code, the Trustee shall not make adjustments which could have the effect of denying to any income beneficiary the net income of the trust to which the beneficiary must be entitled in order for the trust to qualify as a permissible shareholder of an S corporation and, if applicable, the federal estate tax marital deduction; and during the term of any trust established under this Agreement, (i) if the Trustee sells any interest in a corporation or if the assets of any entity constituting a corporation in which the trust has an ownership interest are sold, and (ii) if that corporation has made an election to be taxed under Subchapter S of the Code, then Trustee, may, in its absolute and sole discretion, distribute to the income beneficiary such amounts of principal as shall be necessary to pay any income tax caused by such sale, if the income or gain attributable to such sale is taxed directly to the income beneficiary under applicable federal tax law.

Y. <u>Litigation</u>. To institute, join in, maintain, compromise, defend or otherwise dispose of, in any manner, any litigation of any kind or character affecting or arising in connection with the trust property; and to settle, compromise or otherwise adjust any claims or demands of every kind and character in favor of or against the trust property.

Z. <u>Dealings with Certain Trusts and Estates</u>. To purchase from the estate of Settlor or Settlor's spouse, or any trust created by Settlor or Settlor's spouse, any property of any kind and character, and retain the same for any period of time, without limitation, and without liability

1403503.02

8

for loss or depreciation in value, notwithstanding any risk, unproductivity or lack of diversification.

AA. <u>Construction</u>. To construe the provisions of this Agreement, which construction or any action taken thereon by the Trustee in good faith shall be final, and to correct any defect, supply any omission, or reconcile any inconsistencies in the provisions of this Agreement in such manner as the Trustee deems advisable.

BB. <u>Discretion</u>. To make all discretionary decisions provided for or required by the provisions of this Agreement, in the Trustee's sole, absolute and uncontrolled discretion.

CC. <u>Fiduciary Insurance</u>. To acquire and maintain one or more policies of fiduciary insurance insuring each person serving as a Trustee hereunder against any and all liabilities which such person may incur in his or her capacity as a Trustee, in such amounts and on such terms and conditions, as the Trustee, in the Trustee's discretion, deems advisable, and to pay all premiums and other expenses relating to such insurance.

DD. <u>Statutory Powers</u>. Except as otherwise expressly provided to the contrary in this Agreement, in addition to all of the powers and authority conferred upon the Trustee above, the Trustee shall have all of the powers and authority set forth in under the laws of the State of California.

## Article VIII
## Administrative Rules

A. <u>S Corporation Stock</u>. Notwithstanding anything to the contrary in this Agreement, if any trust holds stock of a corporation that intends to elect or has elected to be taxed as an S corporation under Section 1362(a) of the Code, the Trustee may divide any such trust that has multiple income beneficiaries into separate trusts for each such beneficiary, and administer each separate trust on the following terms: (i) all of the income is to be distributed to the current income beneficiary no less often than annually; (ii) any principal distributed during the life of the current income beneficiary may be distributed only to such beneficiary; (iii) the income interest of the current income beneficiary shall terminate on the earlier of such beneficiary's death or the termination of the trust; and (iv) upon termination of the trust during the life of the current income beneficiary, all of the assets of the trust are to be distributed to such beneficiary.

B. <u>Retention of Trust Property</u>. The Trustee may elect to withhold any trust property which is otherwise required to be distributed to a beneficiary who has not yet reached the age of twenty-one (21) years. The Trustee shall retain any trust property so withheld in a separate trust established for that beneficiary, to be distributed to the beneficiary when he or she reaches the age of twenty-one (21) years, or earlier in the discretion of the Trustee. Until then, the Trustee shall distribute so much of the net income and principal of the trust as the Trustee deems necessary from time to time for the comfort, welfare, health, education, maintenance and support of such beneficiary, adding any undistributed net income to principal from time to time, as the Trustee determines. If the beneficiary for whom the trust is established dies before complete

distribution of the trust, the Trustee shall distribute the remaining trust property to the beneficiary's estate.

        C.      <u>Facility of Payment</u>. With respect to any property which is distributable to a beneficiary who is then under a legal disability, the Trustee may, without liability to any person, distribute such property (i) to the beneficiary, (ii) for the use of the beneficiary, (iii) to a legal representative of the beneficiary appointed by a court or, if none, to a relative, for the use of the beneficiary, or (iv) to a custodian for the beneficiary designated by the Trustee in accordance with the any applicable Uniform Transfers (or Gifts) to Minors Act or similar legislation.

        D.      <u>Factors for Trustee Consideration</u>. In determining whether to make discretionary distributions of net income or principal to a beneficiary, the Trustee may consider such circumstances and factors as the Trustee believes are relevant, including the other income and assets known to the Trustee to be available to that beneficiary, including funds which might be made available by enforcement of the legal obligation of any person to furnish support or education, and the advisability of supplementing such income or assets, and the tax consequences of any such distribution and the character and habits of the beneficiary, the diligence, progress and aptitude of the beneficiary in acquiring an education and the ability of the beneficiary to handle money usefully and prudently and to assume the responsibilities of adult life and self-support. As used throughout this Agreement, unless otherwise specifically provided:

        (i)      "support" means support in accustomed manner of living;

        (ii)      "education" includes, without limitation, the expenses of private schooling at the elementary and secondary school level, college, graduate and professional schools, and specialized or vocational training; and

        (iii)      "health" includes, without limitation, all forms of mental or physical health care, including nursing or other extended care.

        E.      <u>Liability of Trustee</u>. The Trustee shall not be liable with respect to any action taken or omitted to be taken by such Trustee in accordance with any written instructions provided by the Beneficiary in accordance with and subject to this Agreement. The Trustee shall not be liable with respect to the legal or tax implications regarding the creation of the Trust, acquisition of trust assets and administration of the Trust in accordance with the Trust Agreement. The Trustee shall not be liable for the default or misconduct of the Settlor, the Beneficiary or anyone designated by the Beneficiary to instruct the Trustee. The Trustee shall not have any duty or obligation to manage, control, prepare, file or maintain any report, license or registration, use, sell, dispose of or otherwise deal with the trust estate, or otherwise to take or refrain from taking any action under or in connection with this Agreement or any other document or instrument, except as expressly required hereby; and no implied duties or obligations shall be read into this Agreement against the Trustee.

        F.      <u>Exoneration of Trustee</u>. A Trustee shall be liable hereunder only for the Trustee's actions taken in bad faith. The Trustee shall not be personally liable for making any delegation that is authorized under this instrument, nor for any action taken at the direction of the

Beneficiary, nor for any failure to act absent bad faith. A Trustee shall not be liable for relying absolutely on any apparently valid documents and certifications, and on the opinions of counsel or any accountant to any trust. The Trustee shall be indemnified and held harmless by the Trust created hereunder against any threatened, pending or completed action, claim, demand, suit or proceeding, whether civil, criminal, administrative or investigative, falling within the exculpatory provisions of this paragraph or to which the Trustee is made a party, or threatened to be made a party, by reason of serving as Trustee if the Trustee acted in good faith. Such indemnification shall include expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually incurred by the Trustee in connection with such action, claim, demand, suit or proceeding. All of said sums shall be paid in advance to the extent possible. The Trustee shall not be obliged to take any action which will or is likely to result in expense to the Trustee if, with reasonable judgment of the Trustee, the Trust will not have adequate resources to pay such expenses. Notwithstanding any other provision of this Agreement, the Trustee may resign immediately upon failure of the Trust to reimburse any amount expended or anticipated by the Trustee.

## Article IX
## Restrictions on Powers Of Trustee And Settlor

No powers of the Trustee set forth in this Agreement or now or hereafter conferred on trustees generally shall be construed to enable Settlor, the Trustee or any other person to purchase, exchange or otherwise deal with or dispose of all or any part of the corpus or income of any trust established hereunder for less than an adequate consideration in money or money's worth, or to enable Settlor to borrow all or any part of the corpus or income of any trust established hereunder, directly or indirectly, without adequate interest or security. No person, other than the Trustee, shall have or exercise the power to vote or direct the voting of any shares or other securities of any trusts established hereunder, to control the investment of the trusts either by directing investments or reinvestments or by vetoing proposed investments or reinvestments, or to reacquire or exchange any property of the trusts by substituting other property of an equivalent value. No part of the corpus or income of the trusts shall ever revert to or be used for the benefit of Settlor, or be used to satisfy any legal obligations of Settlor. Settlor renounces for himself and his estate any interest, either vested or contingent, including any reversionary right or possibility of reverter, in the corpus or income of the trusts. Any distribution to or for the benefit of any beneficiary is not intended to be, and shall not be made, in lieu of or in discharge of any support or legal obligations of Settlor or of any Trustee.

## Article X
## Controlling Law

This Agreement shall be interpreted pursuant to the laws of the State of California. Notwithstanding anything to the contrary in this Agreement, the term of any trust created under this Agreement shall not extend beyond the maximum period permitted by the controlling laws of the State of California.

## Article XI
## Successor Trustees

A. <u>Successor Trustees</u>. The word "Trustee," except where otherwise expressly provided, means the initial Trustee designated herein and each successor thereto named in or pursuant to this Agreement. If William M. Burbank, Jr. is or becomes unable or unwilling to serve as a Trustee, then such person as is designated in writing to serve as a Trustee hereunder by William M. Burbank, Jr. is appointed to serve as successor Trustee under this Agreement. Such designated person, and each successor to such person subsequently designated as provided in this sentence, shall have the power to designate his or her successor as Trustee by designating such person in writing. A copy of each designation of a successor Trustee made in accordance with this Section shall be sent to each income beneficiary (as defined below) and to Settlor, if Settlor is then living. Under no circumstances shall Settlor or Settlor's spouse serve as Trustee under this Agreement. If the last serving successor Trustee named in or designated pursuant to this Agreement is or becomes unable or unwilling to serve as a Trustee, then the Beneficiary shall select a successor Trustee within thirty (30) days of the death or resignation of the last Trustee to serve; provided, however, that the successor Trustee so selected shall be a person who is not a "related or subordinate party" to the Beneficiary within the meaning of 672(c) of the Code. If the Beneficiary fails to so select a successor Trustee, any person may, at the expense of the trust, seek the appointment of a successor Trustee by a court of competent jurisdiction. Notwithstanding the foregoing, the successor to any resigning corporate Trustee shall be selected as provided in Section D below.

B. <u>Successor Trustee Powers and Duties</u>. Each successor Trustee shall have the identical powers, duties and obligations as the initial Trustee named in this Agreement. A successor Trustee's agreement to serve hereunder shall be construed as no more than acceptance of the terms of this Agreement as they apply to the powers, duties and obligations of the successor Trustee during such Trustee's tenure as Trustee, and shall not be construed to mean ratification or approval of any acts, omissions or defaults of any other person serving as Trustee, nor an undertaking by the successor Trustee to audit or verify the records of any other person serving as Trustee under this Agreement. A successor Trustee may rely on any statements and records of any other person serving as Trustee as to the assets of the trusts established by this Agreement, and shall have no responsibility or liability to any person for the assets of such trusts until such assets are in the possession of the successor Trustee.

C. <u>Delegation of Powers</u>. If more than one person is serving as Trustee, any one or more of them may delegate by written instrument any or all of the powers of the Trustee to any other of them. The Trustee may delegate by written instrument to any bank, trust company, other financial institution or investment advisor powers to manage, control and invest the funds of the trusts established under this Agreement, and the Trustee shall have no liability for actions taken or not taken by such institution or investment advisor; provided, however, the Trustee may not delegate the power to determine how much of the income and principal shall be paid out to the beneficiaries under this Agreement.

D. <u>Resignation</u>. A Trustee may resign by written notice delivered to each income beneficiary at least thirty (30) days prior to the effective date of such resignation. If the resigning Trustee is an individual, such written notice shall also be delivered to the Trustee's

successor as named in or pursuant to this Agreement. If the resigning Trustee is a corporation or other institution (a "corporate Trustee"), within twenty (20) days following the delivery of the resignation notice to each income beneficiary, a majority of the income beneficiaries (with the lawful guardian of any minor income beneficiary acting for such income beneficiary) shall select a successor corporate Trustee and inform in writing the resigning corporate Trustee of the identity of the successor Trustee; if the beneficiaries fail to so select a successor corporate Trustee within such twenty (20) day period, the resigning corporate Trustee shall select its own successor. The resigning Trustee shall promptly deliver to its successor and to each income beneficiary a statement of all receipts and disbursements of the trusts from the date of the last annual account and an inventory of the assets belonging to each trust created under this Agreement. The successor Trustee shall deliver a receipt for the assets of the trusts to the resigning Trustee, and the resigning Trustee shall be discharged of its duties and obligations under this Agreement.

## Article XII
## Trustee Compensation

The Trustee shall be entitled to reasonable compensation for its services under this Agreement, including the preparation of federal estate and income tax returns, and state estate, inheritance, income and intangible tax returns.

## Article XIII
## Annual Accounts

The Trustee shall provide annual accounts to the income beneficiaries of the trusts established hereunder, showing all receipts and disbursements during such period, and shall provide an annual inventory of the trust property. Such annual accounts shall be deemed accepted and approved, except as to any items with respect to which written objections are received by the Trustee within thirty (30) days from the delivery of such account, and all persons having contingent or remainder interest in the trusts shall be bound thereby. The books of account of the Trustee shall be available at all reasonable times for inspection by a beneficiary then entitled to receive net income from a trust established hereunder, or such beneficiary's representative.

## Article XIV
## Irrevocable

This Agreement and the trusts established hereunder are irrevocable and may not be altered, amended, revoked or terminated, in whole or in part, by Settlor.

## Article XV
## No Registration

Unless otherwise required by law, the Trustee shall not be required to register any trust established under this Agreement in any jurisdiction and all trusts shall be administered free from the active supervision of any court.

In Witness Whereof, John D. Betres, as Settlor, and William M. Burbank, Jr., as Trustee, have executed this Agreement on the date set forth above.

In The Presence Of:    Settlor:

_W.W. M Rhs_____        _John D. Betres_____
Witness #1              John D. Betres

_Ann R Stevenson_
Witness #2

                        Trustee:

_Crystal Cornelius_     _William M. Burbank, Jr._
Witness #1              William M. Burbank, Jr.

_Ashley Ee_
Witness #2

STATE OF Pennsylvania )
                      ) ss
COUNTY OF Allegheny   )

On _August 13_, 2007 before me, a Notary Public, personally appeared John D. Betres, known to me to be the Settlor described in and who executed the foregoing Agreement and acknowledged that the Agreement was executed as a free act and deed. Further, John D. Betres signed in the presence of both witnesses or acknowledged to the witnesses that he signed the Agreement.

_Diana Lynn Hannes_____
Notary Public, State of _Pennsylvania_, County of _Allegheny_
My commission expires: _3-29-2008_
Acting in the County of _Allegheny_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Diana Lynn Hannes, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Mar. 29, 2008
Member, Pennsylvania Association of Notaries

STATE OF California )
                       ) ss
COUNTY OF Orange )

    On August 15, 2007 before me, a Notary Public, personally appeared William M. Burbank, Jr., known to me to be the Trustee described in and who executed the foregoing Agreement and acknowledged that the Agreement was executed as a free act and deed. Further, William M. Burbank, Jr. signed in the presence of both witnesses or acknowledged to the witnesses that he signed the Agreement.

[Notary Seal: MARTIN L. SANCHEZ, COMM. #1718868, Notary Public - California, Orange County, My Comm. Expires Jan. 21, 2011]

Notary Public, State of CA, County of Orange
My commission expires: Jan 21, 2011
Acting in the County of Orange

1403503.02

15