EXHIBIT 3

# AGREEMENT AND DECLARATION OF TRUST
## CREATING THE
## JOHN D. BETRES 2007 IRREVOCABLE TRUST

## ARTICLE A

### INTRODUCTION

A.1　Parties.　THIS AGREEMENT AND DECLARATION OF TRUST is made as of the __1__ day of __NOVEMBER__, 2007, by and between DeWitt Ross & Stevens S.C., hereinafter referred to as "Administrative Trustee," Sue L. Betres, hereinafter referred to as "Investment Trustee" and John D. Betres, hereinafter referred to as "Settlor." The term "Trustees" shall include the Administrative Trustee and the Investment Trustee.

A.2　Name.　All trusts created hereunder may be collectively referred to as the "JOHN D. BETRES 2007 IRREVOCABLE TRUST."

A.3　Trust Estate.　All property now or hereafter subject to these trusts (including but not limited to the proceeds of a testamentary bequest or insurance when received by the Trustees, and any other property added to these trusts, acceptable to the Trustees, from any source by lifetime assignment, Will, or otherwise) shall constitute the principal of the trust estate, and shall be held in trust, managed, and distributed as hereinafter provided.

A.4　Irrevocability.　This trust may not be revoked, altered, or amended, in whole or in part, by any person.

A.5　Trust Beneficiary.　Settlor is creating this trust for the primary benefit of Settlor's Spouse, Sue L. Betres.

## ARTICLE B

### DISTRIBUTIONS OF INCOME AND PRINCIPAL

The Trustees (subject to the limitations on the responsibilities of the Administrative Trustee of Section D.1) shall hold, manage, invest and reinvest the trust principal, including any

1

additions to the trust, and shall hold and dispose of the trust principal and net income therefrom as follows:

B.1 <u>Income Distributions</u>. Subject to the provisions of Section B.3, below, the Investment Trustee may distribute to Settlor's Spouse so much of any net income of the trust estate as the Investment Trustee may deem necessary and appropriate to provide for her health, education, maintenance and support in accordance with her station in life. In exercising its discretion with respect to distributions, the Investment Trustee need not consider other sources of income available to the beneficiary. Any income not distributed shall be accumulated and added to the principal of the trust.

B.2 <u>Distributions of Principal</u>. If the net income which is distributed under the terms hereof shall not be adequate in the opinion of the Investment Trustee for the necessary and appropriate health, education, maintenance and support in accordance with the station in life of Settlor's Spouse at the time of the particular supplemental distribution, subject to the provisions of Section B.3, below, the Investment Trustee may supplement the same out of the principal of the trust (including principal consisting of one or more policies of life insurance owned by the trust) to such extent and in such manner as the Investment Trustee may deem necessary or appropriate for said purposes, and the amount of such supplemental distribution shall not be charged against the presumptive share, if any, of the particular beneficiary of the trust receiving the same. Distribution of the entire principal of the trust is authorized if the Investment Trustee shall determine such distribution shall be to the best interest of Settlor's Spouse in accordance with the foregoing standard.

B.3 <u>Limitation on Distributions</u>. Notwithstanding anything herein to the contrary, no distributions or other transfers shall be made of trust assets or the proceeds thereof that have been pledged to secure any recourse or nonrecourse Indebtedness of the trust or upon which options or other rights have been granted to third parties. So long as any option or other rights have been granted to any third party on any trust asset or any trust asset has been pledged to secure any recourse or nonrecourse Indebtedness of the trust, no further Lien upon such trust asset or the proceeds thereof shall be allowed without the written consent of such third party or secured lender.

B.4 <u>Termination of Trust</u>. Upon the first anniversary of the death of Settlor, the trust shall terminate and all of the assets and property constituting the principal of the same shall be delivered and distributed in fee simple and free of trust unto Settlor's Spouse, or if Settlor's Spouse is then deceased, unto the Settlor's Spouse's estate.

B.5 <u>Death of All Beneficiaries</u>. If Settlor and Settlor's Spouse shall die before final termination of this trust and all shares thereof, this trust and all shares thereof shall terminate and all of the assets and property constituting the principal of the same shall be delivered and distributed in fee simple and free of trust unto the heirs at law of Settlor under the laws of

descent and distribution of the State of Wisconsin with such heirs at law being determined as of the time of termination.

B.6 <u>Maximum Duration of Trusts</u>. Anything in this Agreement to the contrary notwithstanding, Settlor directs that all trusts created hereunder shall in all events terminate not later than twenty-one (21) years from and after the death of the survivor of the following persons, to wit: Settlor and Settlor's Spouse and more remote descendants living on the date of execution of this Agreement; provided, however, that if any trust created in this Agreement is merged with any trust created under any other instrument, such merged trust shall not continue beyond the date on which the earliest maximum term of the trusts so merged would, without regard to such merger, have been required to expire. Settlor further directs that, as to any property at any time a part of any trust estate (including a merged trust) as to which under the laws of any state applicable to said property that trust is required to be terminated at any time prior to its normal termination date, the trust as to that particular property shall terminate at the time required by the laws of said state. Upon such termination of that trust in whole or in part, as the case may be, the assets and property then constituting the principal of that trust, or the assets and property as to which that trust is terminated, shall be delivered and distributed in fee simple and free of trust unto those persons who at the time of such termination constitute the beneficiaries of that trust estate in proportion to their respective presumptive interests in that trust estate at the time of such termination.

B.7 <u>Termination of Trust</u>. Except as provided in the provisions of Section B.3, above, the Investment Trustee may terminate any trust or share thereof if, in the Investment Trustee's sole judgment, (i) the continued management of such trust or share is no longer economical because of the small size of such trust or share, (ii) such action is in the best interests of the beneficiary or beneficiaries, and (iii) distribution of the assets and property of said trust or share is appropriate to provide for the health, education, maintenance and support of such beneficiary or beneficiaries in accordance with their station in life (with such determination being made, for purposes of this section only, without regard to any other resources available to such beneficiary or beneficiaries). In case of such termination, the Trustees shall distribute forthwith the share of the trust estate so terminated to or for the benefit of Settlor's Spouse. Upon such distribution and delivery the said trust or share shall terminate and the Investment Trustee shall not be liable or responsible to any person or persons whomsoever for its action. The Investment Trustee shall not be liable for failing or refusing at any time to terminate any trust or a share thereof as authorized by this section.

## ARTICLE C

## APPOINTMENT OF TRUSTEES

C.1    <u>Administrative Trustee</u>.

    (a)    DeWitt Ross & Stevens S.C., shall be the initial Administrative Trustee.

    (b)    A majority of the adult trust beneficiaries shall have the power to remove any Administrative Trustee then serving, with or without cause, upon the appointment of any Wisconsin bank or trust company to serve as successor Administrative Trustee; provided, however, that so long as there is an Investment Trustee then serving, a successor Administrative Trustee is only required if Settlor is then living and any of the trust assets are then pledged to secure any recourse or nonrecourse Indebtedness of the trust or subject to options or other rights granted to third parties described in Section B.3, above. If there are no adult trust beneficiaries, the Investment Trustee shall have the power to remove and replace the Administrative Trustee according to the preceding sentence.

    (c)    The Administrative Trustee hereinabove named or any successor Administrative Trustee may at any time resign upon giving to the other Trustees thirty (30) days' written notice of such resignation. Upon the expiration of thirty (30) days from the date of receipt of such notice, the Administrative Trustee shall be deemed to have resigned. If a vacancy occurs and any of the trust assets are then pledged to secure any recourse or nonrecourse Indebtedness of the trust, the Investment Trustee shall name a Wisconsin bank or trust company to serve as successor Administrative Trustee.

    (d)    A single bank or trust company may serve as both Administrative Trustee and Investment Trustee.

C.2    <u>Investment Trustee</u>.

    (a)    Sue L. Betres shall be the initial Investment Trustee. In the event Sue L. Betres fails to serve for any reason, a majority of the adult trust beneficiaries or, if none, a majority of the legal or natural guardians of all minor beneficiaries shall have the power to name a successor Investment Trustee.

    (b)    The Investment Trustee hereinabove named or any successor Investment Trustee may at any time resign upon giving to the other Trustees thirty (30) days' written notice of such resignation. If there are no other Trustees then serving, notice shall be given to all adult trust beneficiaries, or, if none, the legal or natural guardians of all minor beneficiaries. Upon the expiration of thirty (30) days from the date of receipt of such notice, the Investment Trustee shall be deemed to have resigned.

(c)     A single bank or trust company may serve as both Administrative Trustee and Investment Trustee.

(d)     Notwithstanding the foregoing provisions, Settlor shall not be appointed as an Investment Trustee of any trust created hereunder.

## ARTICLE D

## POWERS OF TRUSTEES

To carry out the purposes of these trusts, and subject to any limitations stated elsewhere in this Agreement, the Trustee is vested with the following powers, with respect to the trust estate and any part of it, in addition to those powers now or hereafter conferred by law:

D.1     General Investment and Management Powers of Investment Trustee and Administrative Trustee. Subject to the express terms of this Agreement, including without limitation the provisions of Section B.3, above, the Investment Trustee shall have full power and authority to manage, handle, invest, reinvest, convert, reconvert, sell for cash or credit, or for part cash and part credit, exchange, hold, dispose of, lease for any period, whether or not longer than the life of the trust, improve, repair, maintain, work, develop, operate, use, mortgage, or pledge all or any part of the funds, assets and property constituting from time to time any part of the trust without being limited to the classes of property in which Trustees are authorized in invest trust funds by any law of any state, and despite any rule or other provision of applicable law generally limiting a Trustee's power or authority to delegate investment discretion and despite any resulting risk or lack of diversification or marketability as the Trustee may deem advisable, including interests formed principally for the commingling of assets for investment, such as common trust funds, investment companies, investment trusts and partnerships (participating therein as a general or limited partner) whether or not such investments may be speculative or be of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such investment or reinvestment may have upon the diversification of investments and without any duty or obligation to comply with the provisions of any law that otherwise might restrict, limit or impose conditions upon the Trustee's power or authority to invest in common or collective trust funds or other entities formed principally for the commingling of assets for investment but only to the extent that such provisions of law may be waived or overridden by the express terms of this Agreement; invest in any money market deposit or similar venture account or securities of a Trustee or any affiliate thereof, or in one or more limited partnerships, investment trusts, joint mutual funds or similar investment funds (each such enumerated investment is hereinafter referred to in this section as an "investment fund") whether or not the Trustee, or any affiliate thereof, renders services to such investment fund and receives compensation therefrom the Trustee shall be entitled to receive such compensation as is otherwise provided under this Agreement for serving as Trustee as to

5

amounts invested in any such investment fund even though the Trustee or any affiliate thereof, may receive additional fees from such investment fund) and the Trustee shall have no duty or obligation to make any disclosure to or obtain the consent of any beneficiary that might otherwise be required by law but that may be waived by the express terms of a trust agreement; enter into transactions with, or to retain the services of, any Trustee (in such instances, the Trustee or its affiliated entity shall be entitled to receive fees or other compensation from the trust estate without any reduction of the fees which the Trustee shall be otherwise entitled to receive from the trust estate); receive property from any source as an addition to the trust estate; engage in and carry on any business or undertaking and enter into any partnership as a general or limited partner with any person, firm, corporation or any trustee under any other trust; create one or more subsidiary trusts for the benefit of the beneficiaries as set forth herein; borrow money; lend money upon such security as the Investment Trustee deems appropriate; enter into contracts; execute obligations, negotiable and nonnegotiable; vote shares of stock in person and by proxy, with or without power of substitution; alone or with others form, reorganize or extend the life of any corporation, and exercise and perform any and all rights, privileges and powers inuring to the holder of any stock or securities constituting at any time a part of the trust; exercise any stock options and borrow money for such purpose; sue and be sued; abandon, settle, compromise or adjust by arbitration or otherwise any dispute or controversies in favor of or against the trust; waive or release rights of any kind; abandon any property or interest in property belonging to the trust when deemed to be in the best interest of the trust and its beneficiaries; appoint, remove and act through agents, managers and employees, and confer upon them such power and authority as may be deemed necessary or advisable; operate or participate in the operation of any farm or ranch property; sell, convey, lease or otherwise deal with any oil, gas and other minerals and mineral rights and royalties, and operate and develop oil, gas and other mineral properties and interests; pay all reasonable expenses; execute and deliver any deeds, conveyances, leases, contracts or written instruments of any character appropriate to any of the powers or duties of the Trustees; purchase, retain or issue private annuity contracts and similar contracts; purchase and carry insurance of any kind and amount, including (subject to the provisions of Section D.2 and ARTICLE F) a life insurance policy or policies on the life of Settlor, on the life of Settlor's Spouse, on the life of any beneficiary, or on the life of any person in whom a beneficiary has an insurable interest from any company or companies and pay all premiums (provided that premiums for policies on the life of Settlor or Settlor's Spouse may not, in any event, be paid from assets of the trust that constitute or are reasonably traceable to taxable income of the trust for federal income tax purposes for the current tax year or any prior or future tax years), enter into option agreements or premium finance arrangements, and designate a beneficiary or beneficiaries as the Investment Trustee may determine. Except as otherwise specifically set forth in this Instrument, the Administrative Trustee shall have no responsibility for the investment, voting, management or financing of the trust property. The Administrative Trustee has no obligation to review trust investments or to inquire whether the Investment Trustee is (or is not) fulfilling his investment responsibilities hereunder.

6

D.2   <u>Acquisition of Insurance Policy</u>.

    (a)   <u>Nature of Transaction</u>. Settlor has been examined for qualification for substantial sums of life insurance. The trust may be presented (directly or indirectly through subsidiary trusts or entities) with the opportunity to acquire one or more life insurance policies on the life of Settlor as a result of these examinations. Settlor recognizes that the trust may not have sufficient assets to pay ongoing premium costs related to the acquisition of such policies. Accordingly, Settlor hereby authorizes the Investment Trustee to acquire such policies on behalf of the trust (directly or indirectly through subsidiary trusts or entities), and in connection therewith, to borrow the funds necessary to acquire the policies, grant options against the policies and establish reserves on behalf of the trust from the assets derived from such loans or options as the Investment Trustee shall determine appropriate. The decision of whether to acquire such policy(ies), directly or indirectly, and to issue such note(s) or grant such options in connection therewith, and the terms and conditions of such policy(ies) and loan documents shall be made by the Investment Trustee in the exercise of its fiduciary duty to the trust, based on such information as the Investment Trustee shall deem necessary or appropriate, in its sole and absolute discretion. Following the Investment Trustee's determination concerning such policy(ies), loan(s) and/or options, and approval of the terms and conditions thereof, the Investment Trustee may direct in writing that the Administrative Trustee shall execute all documents associated with the acquisition of the policy(ies) and the issuance of the note(s) and/or grant of options.

    (b)   <u>Exoneration from Liability</u>. To the maximum extent permitted by law, no Trustee shall be liable to any person for acquiring (directly or indirectly, through subsidiary trusts or other entities) and retaining any insurance policy described in the preceding paragraph, for failing to diversify the trust investments by disposing of such policy, for incurring debt in order to acquire such policy, or for granting options to raise funds for premium payments related to such policy. In particular, the Trustees shall be indemnified by the trust and held harmless against any claims, demands or suits arising from any loss, liability, or expense (of any nature whatsoever) caused to the trust and/or any beneficiary arising from or relating to (i) any decision to borrow money from a bank or premium finance company or other lender for the purchase of an insurance policy or annuity on the life of Settlor, including the selection of such lender and the terms of the loan arrangement with such lender; (ii) the cancellation of (or foreclosure of any security interest in) any insurance policy if the Trustee does not have sufficient funds to pay any premium; (iii) any decision to grant options for the purchase of any insurance policy or interest in any subsidiary trust or other entity that owns any insurance policy; (iv) the foreclosure of any security interest in any subsidiary trust or other entity that owns any insurance policy; (v) the investment decisions regarding the selection of various fund options under any variable or similar life insurance policy or other such contract, or for its investment performance; (vi) any other action or inaction by any insurance underwriter; and (vii) the failure to review the insurance policy or policies owned by the trust or to inquire into the status of the insurance company that issues any policy.

7

D.3   <u>Power to Change Situs</u>.  The Investment Trustee may transfer the situs of any trust created hereunder at any time or times to any jurisdiction (including a jurisdiction outside of the United States) as the Investment Trustee, in the exercise of his sole and absolute discretion, may determine is necessary and appropriate; provided, however, that such power may only be exercised with the written consent of (i) the secured party at any time that a trust asset or the proceeds thereof, including a beneficial interest in another trust, has been pledged, and (ii) any other third party granted options or other rights referenced in Section B.3, above. At the election of the Investment Trustee of said trust, the trust estate may thereafter (but need not) be administered exclusively under the laws of (and subject, as required, to the exclusive supervision of the courts of) the jurisdiction to which it has been transferred, notwithstanding any reference in this Agreement to the law of Wisconsin. Accordingly, if the Investment Trustee of any trust created hereunder elects to change the situs of any such trust, the Trustees of such trust are hereby relieved of any requirement of having to qualify in any other jurisdiction and of any requirement of having to account in any court of such other jurisdiction.

D.4   <u>Partitions</u>.  The Investment Trustee shall make all partitions and divisions contemplated by this Agreement. The actual partitions and divisions made by the Investment Trustee shall be binding and conclusive upon all interested parties. Any partitions, divisions or distributions may be made in cash, in kind, or partly in cash and in kind, using different properties according to their values or undivided interests in the same properties.

D.5   <u>Power to Determine Income and Principal</u>.  Except as herein otherwise specifically provided, the Trustees shall have full power and authority to determine the manner in which expenses are to be borne and in which receipts are to be credited as between principal and income, and also to determine what shall constitute principal or income, and may withhold from income such reserves for depreciation or depletion as they may deem fair and equitable. In determining such matters the Trustees may give consideration to the provisions of Wisconsin law relating to such matters, but shall not be bound by such provisions.

D.6   <u>Selection and Retention of Investments</u>.  Any property transferred to the trust by Settlor or by any other person as herein provided or acquired by the Trustees as herein provided and from time to time constituting any part of the principal of the trust shall be deemed a proper investment, and the Trustees shall be under no obligation to dispose of or convert any such property. The Trustees are specifically authorized to acquire or retain any stock or other security received from any source issued by a Trustee, a bank holding company which owns stock of a Trustee or any corporation controlled by such bank holding company, including stock dividends thereon and any securities issued in lieu thereof as a result of any recapitalization, consolidation or merger, and shall have with respect to that stock or security the same powers which apply to other trust property. Investments need not be diversified, may be of a wasting nature, and may be made or retained with a view to possible increase in value. The Investment Trustee may invest and reinvest all funds available for investment or reinvestment from time to time or at such times as may be deemed advisable in such investments as it is permitted to make pursuant to the terms of this Agreement. The Investment Trustee is expressly authorized to invest in nonincome-earning or producing property if in his judgment the best interest of the particular

8

trust will be served thereby. The Investment Trustee, except as herein otherwise specifically provided, shall have as wide latitude in the selection, retention or making of investments as an individual would have in retaining or investing his own funds, and shall not be limited to nor be bound or governed by the provisions of Wisconsin law or other applicable law or by any other statutes or regulations respecting investments by trustees except to the extent that such provisions may not be overridden by the express terms of this Agreement, including without limitation the provisions of Section B.3, above. Except as specifically provided by Section D.2(a), the Investment Trustee shall exercise all powers and make all determinations described in this section. The Administrative Trustee shall not exercise any discretion with respect to trust investments and shall act entirely at the direction of the Investment Trustee with respect to such matters and is not obliged to make any inquiry with respect to the exercise of the Investment Trustee's discretion.

D.7    Right to Refuse Contributions. The Trustees, in their discretion, may refuse to accept any contribution of property to the trust.

D.8    Exoneration of Trustee from Environmental Liability. No Trustee shall be liable for any loss or depreciation in value sustained by the trust as a result of the Trustee retaining any property upon which there is later discovered to be hazardous materials or substances requiring remedial action pursuant to any federal, state or local environmental law, unless the Trustee contributed to the loss or depreciation in value through willful default, willful misconduct or gross negligence.

D.9    Exoneration of Trustee. A Trustee shall be liable hereunder only for the Trustee's actions taken in bad faith. The Administrative Trustee shall not be personally liable for performing any delegation or direction that is authorized under this Agreement, nor for any action taken at the direction of the Investment Trustee, nor for any action taken without the Administrative Trustee's express agreement, nor for any failure to act absent bad faith. Similarly, the Investment Trustee shall not be personally liable for making any delegation that is authorized under this Agreement, nor for any action taken at the direction of the Administrative Trustee, nor for any action taken without the Investment Trustee's express agreement, nor for any failure to act absent bad faith. A Trustee shall not be liable for relying absolutely on any apparently valid documents and certifications, and on the opinions of counsel or any accountant to any trust. While not required, the same procedure referred to in Section D.20 hereof to settle the Trustee's accounts may also be employed to obtain the conclusive consent by the beneficiaries to the Trustee's specific conduct of any other particular matter. A Trustee shall be indemnified and held harmless by each trust created hereunder against any threatened, pending or completed action, claim, demand, suit or proceeding, whether civil, criminal, administrative or investigative, falling within the exculpatory provisions of this section or to which the Trustee is made a party, or threatened to be made a party, by reason of serving as Trustee if the Trustee acted in good faith. Such indemnification shall include expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually incurred by the Trustee in connection with such action, claim, demand, suit or proceeding. The cost of indemnification shall be apportioned against the various trusts created hereunder as the Trustees reasonably consider

9

appropriate, taking into account the nature of the claims involved. The indemnity hereunder shall not obligate any Trustee to incur cost or expense within the scope of the indemnity as a condition of such indemnity. In all instances, a Trustee shall be entitled to and may demand and receive all such costs and expenses in advance.

D.10 <u>Methods of Payment to Beneficiaries</u>. All distributions and all uses and applications of trust funds, either income or principal, may be made directly to or expended for the benefit of any beneficiary without the intervention of any legal guardian or other legal representative and the Trustees shall not be responsible for the application of any payment after the same has been made to any person in accordance with the provisions hereof. The Administrative Trustee or the Investment Trustee may pay any income or principal distribution (either during the term of a trust or upon final distribution of a trust) to or for the benefit of any beneficiary, including but not limited to the following methods:

      (a)    Directly to such beneficiary;

      (b)    To a revocable or irrevocable trust established for the benefit of the beneficiary;

      (c)    To the legal or natural guardian or person having custody of such beneficiary;

      (d)    Directly for the maintenance or support of such beneficiary;

      (e)    To a custodian for a beneficiary under an applicable state Uniform Transfers to Minors Act or Uniform Gifts to Minors Act; or

      (f)    To a relative of such beneficiary to be expended by such relative for the benefit of such beneficiary, including payment to such relative.

Provided, however, it is Settlor's wish that, in determining whether and how to exercise any discretion they may have as to distributions from a trust created hereunder, the Trustees consider the impact of the generation-skipping tax with respect to such distribution, including specifically considering making payment for medical services and tuition directly to the provider of the services as permitted by Section 2611(b)(1) of the Internal Revenue Code.

D.11 <u>Generation-Skipping Taxes and Payment</u>. If the Trustees consider any distribution or termination of an interest hereunder as a distribution or termination subject to a generation-skipping tax, the Trustees are authorized:

      (a)    To augment any taxable distribution by an amount which the Trustees estimate to be sufficient to pay such tax and charge the same to the particular trust or share to which the tax relates without adjustment of the relative interests of the beneficiaries;

(b)     To pay such tax, in the case of a taxable termination, from the particular trust or share to which the tax relates without adjustment of the relative interests of the beneficiaries. If said tax is imposed in part by reason of the trust property hereunder and in part by reason of other property, the Trustees shall pay only the portion of such tax attributable to the taxable termination hereunder taking into consideration deductions, exemptions, credits and other factors which the Trustees deem advisable; and

(c)     To postpone final termination of any particular trust and to withhold all or any portion of the trust property until the Trustees are satisfied they no longer have any liability to pay any generation-skipping tax with reference to such trust or its termination.

D.12    Power to Employ Investment Agents. The Trustees shall have the power to appoint, employ and remove, at any time and from time to time, any investment counsel, investment bankers, accountants, depositories, custodians, brokers, consultants, attorneys, expert advisers, agents, clerks and employees, irrespective of whether any person, firm, or corporation so employed shall be a Settlor or Trustee hereunder or shall be a corporate affiliate of a Settlor or Trustee hereunder and irrespective of whether any firm or corporation so employed shall be one in which a Settlor or Trustee hereunder shall be an owner, partner, stockholder, officer, director or corporate affiliate or shall have any interest; and to pay the usual and reasonable compensation for such services, without diminution of or charging the same against the commissions or compensation of any Trustee hereunder, and any Settlor or Trustee who shall be a partner, stockholder, officer, director or corporate affiliate in any such firm or corporation shall nonetheless be entitled as partner, stockholder, officer or corporate affiliate to receive such Settlor's or Trustee's share of the reasonable compensation paid to such firm or corporation.

D.13    Transactions with Beneficiaries and Fiduciaries. The Trustees are authorized to purchase from, sell to, lend funds to, or otherwise deal with a Trustee or with a Trustee as a partner or officer in any partnership, corporation or other entity, or as executor, administrator or guardian of the estate of any person, or with an affiliate of a Trustee, or with a director, officer, employee, employer, partner or other business associate of a Trustee or a Trustee's affiliate, or with any beneficiary of the trust or with the estate of Settlor or the estate of Settlor's Spouse or with another trust or with any partnership, corporation, trust or other entity in which a Trustee may have an interest to the same extent and manner and for the same investment purposes as herein provided in respect of transactions with disinterested parties, except to the extent that Wisconsin law may expressly prohibit Settlor from authorizing any corporate Trustee serving hereunder to engage in any such transaction. The provisions of this section are made in full realization that said Trustee may be a partner, officer, director or stockholder in any such entity or an executor, administrator or guardian of an estate, and no principle or rule relating to self-dealing or divided loyalty shall be applied to any act of said Trustee, but said Trustee shall be held to the same standard of liability in respect of such transactions as in respect of transactions with disinterested persons.

D.14    Liability of Third Party. No purchaser at any sale made by a Trustee or persons dealing with a Trustee hereunder shall be obliged to see to the application of any money or

11

property paid or delivered to the Trustee. No person dealing with a Trustee shall be obliged to inquire into the expediency or propriety of any transaction or the authority of the Trustee to enter into and consummate the same upon such terms as the Trustee may deem advisable.

D.15     Out-of-State Properties. If at any time any trust estate shall consist in whole or in part of assets located in a jurisdiction in which a Trustee then acting hereunder is not authorized or is unwilling to act, the Investment Trustee then acting hereunder may appoint an ancillary trustee in the jurisdiction in which it is not authorized or is unwilling to act and may confer upon such ancillary trustee power to act solely with reference to such assets as the Investment Trustee may deem necessary or expedient and such ancillary trustee shall remit to the Administrative Trustee or the Investment Trustee that part of all income from and proceeds of sale of such assets which is not required for the payment of any and all obligations of the trust in such jurisdiction for which such ancillary trustee is personally liable. The Administrative Trustee or Investment Trustee may pay unto such ancillary trustee reasonable compensation for its services and may absolve it from any requirement that it furnish bond or other security.

D.16     Trustee's Fee. For its services as Trustee hereunder, each Trustee shall be entitled to a reasonable fee commensurate with its duties and responsibilities, taking into account the value and nature of the trust fund and the time and work involved. Each Trustee shall also be entitled to reimbursement for all reasonable expenses incurred in such capacity.

D.17     Majority. Trustees of a particular class (e.g., Investment Trustees) shall act by majority vote, except as otherwise specifically provided herein.

D.18     No Bond. No Trustee need post any bond for so acting.

D.19     Reorganization of Corporate Trustee.     If any Administrative Trustee or Investment Trustee serving hereunder should, before or after qualification, change its name, be reorganized, merged or consolidated with another corporation, or assign its trust functions to another corporation, the resulting corporation which succeeds to its fiduciary business shall become the Administrative Trustee or Investment Trustee hereunder, or be eligible for appointment as Administrative Trustee or Investment Trustee, as the case may be.

D.20     No Court Supervision. No Trustee shall be required to qualify before, be appointed by, or in the absence of breach of trust, account to any court or obtain the order or approval of any court in the exercise of any power or discretion granted in this Agreement. Within ninety (90) days following the close of each calendar year and within ninety (90) days after the removal or resignation of the Administrative Trustee, the Administrative Trustee shall deliver an accounting to the adult trust beneficiaries or, if none, to the parents or legal guardians of the minor beneficiaries. The Investment Trustee shall provide to the Administrative Trustee any information reasonably available to the Investment Trustee that is required to prepare such accounting. In the event there is no Administrative Trustee, the Investment Trustee shall provide an accounting upon the written request of any adult trust beneficiary or parent or legal guardian of a minor beneficiary. The accounting shall be a written accounting of the trusts hereunder

12

during such year or during the period from the close of the last preceding year to the date of such removal or resignation and shall set forth all investments, receipts, distributions, expenses and other transactions of each such trust and show all cash, securities, and other property held as a part of each such trust at the end of such year or as of the date of such removal or resignation, as the case may be. The accounting referred to in this section shall each be deemed to be an account stated, accepted and approved by all the beneficiaries of each trust for which an accounting is rendered, and the Administrative Trustee and Investment Trustee shall be relieved and discharged, as if such accounting had been settled and allowed by a final judgment or decree of a court of competent jurisdiction, unless protested by written notice to the Administrative Trustee within one hundred eighty (180) days of receipt thereof. Each Trustee shall have the right, at the expense of the trust, to apply at any time to a court of competent jurisdiction for judicial settlement of any account not previously settled as herein provided or for the determination of any question of construction or for instructions. In any such action or proceeding it shall be necessary to join as parties solely the Trustees then serving, and any judgment or decree entered therein shall be conclusive and binding on all persons at any time interested in the trust. The costs of any such judicial settlement of an account shall be a proper charge upon the trust. In addition to and not by way of limitation of the foregoing, the Trustees shall have all of the powers granted to Trustees under Wisconsin law, as amended from time to time.

D.21 <u>Commingling Multiple Trusts or Shares</u>. If there are two (2) or more trusts or shares of any trust created hereunder, then (so long as the status of any trust as exempt from the Generation-Skipping Transfer Tax is not jeopardized) the principal of the several trusts or shares may be commingled and held as one fund with the separate trusts or shares having undivided interests therein appropriately identified on the books of the Administrative Trustee.

D.22 <u>Release of Power</u>. If a Trustee deems it to be in the best interest of the trust and its beneficiaries, the Trustee, by written instrument signed by such Trustee, shall have the power and authority to release, disclaim or restrict the scope of any power or discretion granted in this Agreement or implied by law.

D.23 <u>Powers Cumulative</u>. The Trustees, except to the extent that the same are inconsistent with the provisions of this Agreement, in which event the provisions of this Agreement shall govern, shall have all of the rights, powers and privileges, and be subject to all of the duties, responsibilities and conditions provided by Wisconsin law. Except as otherwise provided herein, the powers conferred upon the Trustees herein shall not be construed as in limitation of any authority conferred by law, but shall be construed as in addition thereto.

D.24 <u>Liability for Predecessor Fiduciary</u>. No Trustee hereunder whether original or successor shall be liable for the default of any existing or prior executor, administrator, trustee, co-trustee or legal representative thereof or for failure to review and/or contest the accounting rendered by such predecessor fiduciary, unless Settlor, or if Settlor is dead, a majority of the adult beneficiaries or if there be none the legal or natural guardians of a majority of the minor beneficiaries shall have, in writing, requested the Trustee to contest such accounting or rectify

13

such default prior to acceptance. Similarly, any Trustee hereunder whether original or successor may accept the trust assets as delivered to it by such executor, administrator, co-trustee, prior trustee or the legal representative of such prior fiduciary and shall be responsible only for such assets. It is Settlor's desire that said Trustee be relieved of any duty, liability or responsibility which it may have as a successor fiduciary because of receiving assets or being entitled to receive assets from a prior fiduciary. It is Settlor's wish and desire that these provisions expedite the funding of any trusts created pursuant to this Agreement and expedite the succession of trusteeship hereunder. Nothing in this section shall limit the power of any Trustee hereunder from conditioning its acceptance of the trust or any assets upon a proper accounting or from requiring such an accounting or rectifying of a prior default from a predecessor fiduciary.

D.25   Dealing with Estates. The Investment Trustee is authorized to lend any part of the trust funds to the executor or administrator of the estate of Settlor or Settlor's Spouse upon such security and for such time and at such rates of interest and upon such terms as the Investment Trustee in his absolute discretion may deem proper, and to purchase from the executors or administrators of the said estates any item of property, real or personal, for such sums and on such terms as the Investment Trustee may deem wise and proper.

D.26   Different Objectives as Between Trusts. The Trustees of the trusts created in this Agreement may (1) make different tax elections in the Trustees' sole and absolute discretion with respect to each separate trust, (2) expend principal and exercise any other discretionary powers with respect to such separate trusts differently, (3) invest the assets constituting such separate trusts differently, and (4) take all other actions consistent with such trusts being separate entities. Settlor exonerates the Trustees from any liability arising from any exercise or failure to exercise these powers, provided the action (or inaction) of the Trustees is taken in good faith.

D.27   Limitation on Distributions. No distributions of income or principal shall be made to a beneficiary if such distribution would discharge a legal obligation of support, contractual obligation or any other legal obligation of Settlor. No individual Trustee shall have the power to make distributions to satisfy a legal obligation of such Trustee and no Trustee shall have the power to make distributions to satisfy a legal obligation of a person who holds a power to remove such Trustee.

D.28   Life Insurance. All incidents of ownership in or over any policy or policies of life insurance which are acquired and owned as an asset of any trust estate shall be vested solely in those Trustees who are not the insureds under such policy or policies.

D.29   Custody of Trust Assets. Unless otherwise directed by the Investment Trustee, the Administrative Trustee shall maintain custody and possession of any and all trust assets capable of being reduced to custody and possession and, to the extent such power is exercised by the Administrative Trustee, the Investment Trustee shall be under no obligation to maintain custody and possession with respect to such assets.

D.30   Books and Records.   The Administrative Trustee shall maintain all necessary books and records and shall make all disbursements hereunder, subject to the direction and authority of the Investment Trustee and may perform any and all other ministerial powers and duties without responsibility upon the other Trustees for the accuracy of such books and records or the performance of such ministerial acts.

D.31   Tax Returns.   The Administrative Trustee shall arrange, at the expense of the trust, for the preparation and filing of all tax returns required to be filed by the trust; provided, however, that the Administrative Trustee shall have satisfied its obligations in this respect if it retains, at the expense of such trust, a firm of independent public accountants or other qualified tax preparer, as the Administrative Trustee determines, in the exercise of its sole and absolute discretion, and the Administrative Trustee shall have no liability for the performance of such accountants or tax preparers.

D.32   Duty to Implement Decisions.   The Administrative Trustee shall implement without responsibility therefor any decisions of the Investment Trustee, as stated in a writing delivered to the Administrative Trustee requesting such implementation; provided, however, that the Administrative Trustee shall not be required to take any such action if it reasonably determines that such action is (a) inconsistent with the terms hereof, or (b) likely to result in liability on the part of the Administrative Trustee.

D.33   Duty to Assist Investment Trustees.   The Administrative Trustee shall undertake any other duties to assist the Investment Trustee as the Investment Trustee, in the exercise of his sole and absolute discretion, may determine to be appropriate, insofar as the Administrative Trustee shall agree in writing to accept such duties.

D.34   Grant of General Powers.   Except as otherwise expressly provided in this Agreement, the Trustees shall have the general power to perform all acts in the Trustees' judgment appropriate for the proper management and investment of trust property in like manner and with the same full power, authority, and discretion, alone or with others, as an individual owner would possess with respect to such property.

D.35   Powers of Trustee Exercised Without Court Authorization.   The powers granted to the Trustees under this Agreement may be exercised in whole or in part and from time to time, and without court authorization, and shall be deemed to be supplemental and not exclusive, it being Settlor's intention that the Trustees hereunder shall have all the general powers of fiduciaries as well as all of the special powers herein expressly granted, and all powers incidental to, reasonably to be implied from, or necessary to the proper exercise of, the powers herein granted.

D.36   Waiver of "Prudent Person" Rule.   In addition to the powers conferred above, the Administrative Trustee is authorized to acquire and retain investments as directed by the Investment Trustee not regarded as traditional for trusts, including investments that would be forbidden or would be regarded as imprudent, improper or unlawful by the "prudent person"

15

rule, "prudent investor" rule, or any other rule or law which restricts a fiduciary's capacity to invest. The Investment Trustee, in the exercise of his sole and absolute discretion, and the Administrative Trustee, at the direction of the Investment Trustee, may invest in any type of property, wherever located, including any type of asset, security or option, improved or unimproved real property, and tangible or intangible personal property, and in any manner, including direct purchase, joint ventures, partnerships, limited partnerships, limited liability companies, corporations, mutual funds, business trusts or any other form of participation or ownership whatsoever. In making investments, the Trustees may disregard any or all of the following factors:

> (a) Whether a particular investment, or the trust investments collectively, will produce a reasonable rate of return or result in the preservation of principal.

> (b) Whether the acquisition or retention of a particular investment or the trust investments collectively are consistent with any duty of impartiality as to the different beneficiaries. Settlor intends that no such duty shall exist.

> (c) Whether the trust is diversified. Settlor intends that no duty to diversify shall exist.

> (d) Whether any or all of the trust investments would traditionally be classified as too risky or speculative for trusts. The entire trust may be so invested. Settlor intends the Investment Trustee to have sole and absolute discretion in determining what constitutes acceptable risk and what constitutes proper investment strategy.

Settlor's purpose in granting the foregoing authority is to modify the "prudent person" rule, "prudent investor" rule, or any other rule or law which restricts a fiduciary's ability to invest insofar as any such rule or law would prohibit an investment or investments because of one or more factors listed above, or any other factor relating to the nature of the investment itself. Settlor does this because Settlor believes it is in the best interests of the beneficiaries of the trusts created hereunder to give the Trustees broad discretion in managing the assets of the trusts created hereunder.

D.37 <u>Trustee Acts In Fiduciary Capacity</u>. Every act done, power exercised or obligation assumed by a Trustee pursuant to the provisions of this Agreement shall be held to be done, exercised or assumed, as the case may be, by the Trustee acting in a fiduciary capacity and not otherwise, and every person, firm, corporation or other entity contracting or otherwise dealing with the Trustee shall look only to the funds and property of the trust estate for payment under such contract or payment of any money that may become due or payable under any obligation arising under this Agreement, in whole or in part, and the Trustee shall not be individually liable therefor even though the Trustee did not exempt himself, herself or itself from individual liability when entering into any contract, obligation or transaction in connection with or growing out of the trust estate.

16

D.38 <u>Payment and Delivery To Court</u>. The Administrative Trustee may, upon commencement of any suit or other legal proceeding the subject of which is the entitlement to assets of the trust, pay over and/or deliver the assets of the trust to the Circuit Court of Dane County, Wisconsin for resolution of such disputes and disposition of such assets. Upon such payment and deposit, the Administrative Trustee shall have no further obligation hereunder.

## ARTICLE E

## GENERAL PROVISIONS

E.1   <u>Income</u>. Income accrued or unpaid on trust property when received into the trusts shall be treated as any other income. The Trustee shall not be required to prorate taxes and other current expenses to the date of termination.

E.2   <u>Notice of Interest</u>. Until the Trustee shall receive written notice of any birth, marriage, death, or other event upon which the right to payments from any trust may depend, the Trustee shall incur no liability to persons whose interests may have been affected by that event for disbursements made in good faith.

E.3   <u>Creditor's Rights</u>. Except as otherwise provided herein, no beneficiary of this trust shall have any right to anticipate, assign, or encumber such beneficiary's interest in the principal or income of the trust or any share in any manner, voluntarily or involuntarily, nor shall such interest of any beneficiary be subject to claims of creditors, or liable to attachment, execution, or other process of law. For purposes of the foregoing, creditors shall include any and all persons who have claims against any beneficiary or such beneficiary's assets, including without limitation any federal, state, or local governmental body or agency which shall include the Internal Revenue Service and any state or local taxing authority. In particular, in addition to any other limitations on a beneficiary's right to receive principal or income pursuant to this Agreement, the principal or income or any other rights to which any beneficiary is or may be entitled under the provisions herein shall not be capable of being ceded, assigned, transferred, or pledged by such beneficiary or be attachable by any creditor of such beneficiary or vest in his trustee on insolvency.

E.4   <u>Incapacity</u>. A person shall be deemed incapacitated upon a written certification made on penalty of perjury by two (2) licensed physicians, who are unrelated to such person by blood or marriage, to the effect that such person is unable properly to take care of his or her property by reason of advanced age, mental weakness, or mental illness. The determination of a recovery of physical or mental capacity of any person who shall have been deemed incapacitated under this section shall be established in the same manner; provided, however, that the physicians involved in making such subsequent determination need not be the same physicians who were involved in making the earlier determination. The physicians who make a determination under this section shall be selected by the Investment Trustee, unless the person whose capacity is in question is the Investment Trustee, in which case the Administrative Trustee

17

shall select the physicians. The selection of the physicians by the Trustee and the determination of the physicians shall be final, binding, and conclusive with respect to all interested persons, whether or not a court of competent jurisdiction has declared such person to be physically incapacitated, mentally incompetent, mentally ill, or in need of a conservator.

E.5    <u>Interest</u>. No interest shall be paid on any gift of principal or income under this Agreement.

E.6    <u>No Contest</u>. If any beneficiary of any trust hereunder, in any manner, directly or indirectly, contests or attacks any of these trusts or any of the provisions hereof, or conspires to do so, or fails to cooperate in good faith in the defense of any attack or contest, then any share or interest in the trust estate given to that contesting beneficiary under this Agreement is revoked, and such property shall be managed and distributed in the same manner provided herein as if the contesting beneficiary had died without issue and before becoming entitled to receive any income or portion of the corpus of the trust estate. The Trustees are specifically authorized to defend, at the expense of the trusts, any contest or attack of any nature upon these trusts or any provision hereof. For the purpose of this section, a request to a court of competent jurisdiction for instructions or interpretation shall not be deemed to be a contest or attack.

E.7    <u>Confidentiality</u>. Any transfer agent or other person dealing with these trusts (hereinafter referred to as "third party") shall be entitled to rely upon a copy of those portions of this Agreement setting forth the Introduction, Powers of Trustee, General Provisions, and Signatures, which partial copy shall be verified as a true copy of such portions then in effect by the Trustee then acting or the attorney or agent for such Trustee. Such third party shall incur no liability to these trusts, Settlor, or any beneficiary hereunder, for acting upon an order or request of the Trustee made pursuant to the terms hereof as set forth in such partial copy, and shall not be required to see to the disposition of any proceeds or the faithful discharge of the Trustee's duties hereunder. In no event shall any third party have access to a copy of the portion hereof setting forth the Distribution of Income and Principal, except as may be determined in the absolute discretion of the Trustee.

E.8    <u>Bifurcation of Trusts for Purposes of the Generation-Skipping Tax</u>. If any trust to be established hereunder may be subject to the federal generation-skipping tax, the Investment Trustee may direct the administration to first divide the portion of the trust estate allocable to such trust into two (2) separate trusts in any proportion determined by the Trustee but on the same terms and with the same beneficiaries so that the exemption under Section 2631 of the Code or any successor section may be allocated to one such trust to the exclusion of the other or disproportionately between them. Furthermore, if the addition of any portion of the trust estate to another trust hereunder will cause such trust to have some property that is exempt from the generation-skipping tax and some property that is not exempt from the generation-skipping tax, the Trustee may retain such portion as a separate trust in lieu of adding it to the previously established trust. The new separate trust shall have the same terms and conditions and the same beneficiaries as the trust to which the portion of the trust estate would have otherwise been added.

E.9    Taxable Year. The taxable year of this trust shall be the calendar year.

E.10    Headings. Article and section headings herein are for convenience only, and shall have no effect upon the interpretation of this Agreement.

E.11    Gender; Number.    As used herein, whenever the context so indicates, the masculine shall include the feminine and neuter and vice versa, the singular shall include the plural, and the plural shall include the singular.

E.12    Issue, Children; Grandchildren. Except as otherwise provided herein, references in this Agreement to issue shall refer to lawful lineal descendants of all degrees including adoptive issue where adoption was under the age of fourteen (14) years, and references to child, children, grandchild, and grandchildren shall include legally adopted persons where adoption was under the age of fourteen (14) years.

E.13    Individual and Person Defined.    For purposes of this Agreement, the word "individual" shall mean a living human being only; the word "individuals" shall mean more than one living human being only; the word "person" shall mean a living human being or an entity; and the word "persons" shall mean more than one living human being and/or entity.

E.14    Choice of Law.  The validity, construction and effect of the provisions of this Agreement in all respects shall be governed and regulated according to and by the laws of the State of Wisconsin.  The initial situs of the trusts created hereunder shall be Wisconsin. Except as otherwise provided in Section D.3, each trust created hereunder shall be administered in accordance with the laws of the State of Wisconsin. This section shall apply regardless of the domicile or residence of any beneficiary or Trustee or the appointment or substitution of a Trustee residing in another jurisdiction.

E.15    Choice of Forum.  It shall be a condition to acceptance of any trusteeship or any beneficial rights under this Agreement that all disputes between or among beneficiaries or trustees shall be resolved, if not otherwise settled, in the courts of the state of Wisconsin.

E.16    Valid Trust.  It is Settlor's intent to create a valid trust with valid disposition of its assets.  Accordingly,  notwithstanding anything to the contrary herein, the laws of any state the application of which invalidates this trust or any intended disposition or transaction hereunder shall not apply.

E.17    Construction of Trust.  In no event shall any power provided herein be construed in a manner which would cause any portion of the trust estate which would otherwise not be subject to United States estate and/or generation-skipping transfer taxes to become subject to such taxes, and any such power shall be null and void to the maximum extent necessary to avoid such construction.

E.18    Severability.  If any provision of this Agreement shall be unenforceable, the remaining provisions shall nevertheless be carried into effect.

E.19 <u>Certain Definitions</u>. The following terms shall have the following meanings (such definitions to be equally applicable to the singular and plural forms thereof):

(a) "Indebtedness" means, with respect to any Person, without duplication (1) all obligations of such Person (whether present or future, contingent or otherwise, as principal or surety or otherwise) in respect of borrowed money, (2) all obligations of such Person evidenced by bonds, debentures, notes or other similar instruments, (3) all obligations of such Person in respect of the deferred purchase price of property or services, (4) all obligations of such Person under any purchase option, conditional sale or other title retention agreement(s) relating to property acquired by such Person, (5) all capital lease obligations of such Person, (6) all obligations, contingent or otherwise, of such Person in respect of letters of credit, acceptances or similar extensions of credit, (7) all guaranties of such Person of the type of Indebtedness described in clauses (1) through (6) above, (8) all Indebtedness of a third party secured by any Lien on property owned by such Person, whether or not such Indebtedness has been assumed by such Person, (9) all obligations of such Person, contingent or otherwise, to purchase, redeem, retire or otherwise acquire for value any common stock of such Person, (10) off-balance sheet liabilities and (11) all obligations under hedging agreements. The Indebtedness of any Person shall include the Indebtedness of any partnership or joint venture in which such Person is a general partner or a joint venturer, except to the extent that the terms of such Indebtedness provide that such Person is not liable therefore.

(b) "Lien" means any mortgage, pledge, security interest, lien (statutory or otherwise), charge, encumbrance, hypothecation, assignment, deposit arrangement, or other arrangement having the practical effect of the foregoing or any preference, priority or other security agreement or preferential arrangement of any kind or nature whatsoever (including any conditional sale or other title retention agreement and any capital lease having the same economic effect as any of the foregoing).

(c) "Person" means any natural person, corporation, limited liability company, trust, joint venture, association, company, partnership, governmental authority or other entity.

E.20 <u>Counterparts</u>. This Agreement may be executed in two (2) or more counterparts (and by different parties on separate counterparts), each of which shall be an original, but all of which together shall constitute one and the same instrument.

# ARTICLE F

## PROVISIONS RELATING TO LIFE INSURANCE

Subject to the limitations set forth in Section B.3, above, the Trustee shall have the following powers in connection with any insurance policy or annuity owned by or made payable to this trust or any subsidiary trust:

F.1   <u>Acquire Insurance</u>. To acquire, by purchase, bequest, devise, gift, or otherwise, one or more insurance policies or annuities on the life of Settlor, and to retain each such policy or annuity as a part of the property of this trust. Settlor shall provide any insurance company, bank, premium finance agency or other interested third party with access to all medical records required in connection with the issuance of any insurance policy or annuity owned by or made payable to this trust.

F.2   <u>Exercise Policy Rights</u>. To exercise on behalf of these trusts all rights, powers, and discretions with respect to the acquisition, retention, disposition, and maintenance in force of each policy and all incidents of ownership in each policy that could be exercised by persons owning similar policies in their own right, including, without limitation, the following.

(a)   To receive dividends or distributive shares of surplus in cash, or to apply the same to the payment of premiums, to purchase additional insurance, including whole life, term, variable, supplementary, fully or reduced paid-up insurance, or any other form of insurance or annuity or to permit the same to remain on deposit at interest with respect to insurers.

(b)   To receive from any insurer or from any other lender such advances or loans on account of each policy as are available.

(c)   To receive disability benefits, medical payments, surrender values, proceeds of matured endowments, and other lifetime policy benefits.

(d)   To exercise any and all options, elections, rights, powers, and discretions granted in each policy or granted to policyowners by practice of the insurer, including, without limitation, investment decisions concerning any fund options.

(e)   To sell, assign (absolutely or as collateral), pledge, or hypothecate each life insurance policy.

(f)   To pay premiums, assessments, or other charges on each policy as they become due (only from assets of the trust that do not constitute and are not reasonably traceable to taxable income of the trust in any tax year) and to prepay for any reasonable

21

period any premiums that may reasonably be expected to become due on the policy; provided, however, that the Trustee shall not be required to pay such premiums, assessments, or other charges or to otherwise keep and maintain any such policy.

(g)     To designate the beneficiary or beneficiaries of each policy in accordance with the other provisions of this trust.

(h)     To apply the cash values attributable to such policies as the Trustee shall determine in accordance with the other provisions of this trust.

F.3     Policy Proceeds Collection. To use reasonable efforts to collect all sums for the benefit of the trust upon receipt of proof of death of Settlor. The sums received from any insurer shall become principal, except that any interest shall become income. The Trustee may exercise any settlement options available pursuant to the terms of any policy. The Trustee may compromise, arbitrate, or otherwise adjust claims relating to any insurance policies subject to any secured parties' written consent.

F.4     Liabilities. The Trustee shall not be responsible for any past or future acts or omissions of Settlor relating to any policy and shall not be required to prosecute any action to collect any insurance or to defend any action relating to any policy unless indemnified in a manner and an amount satisfactory to the Trustee.

F.5     Settlor's Intent Regarding Insurance Investments. If any life insurance policy is purchased for any trust created hereunder, an outside insurance agent and/or financial advisor may be relied upon with regard thereto. After any policy is purchased or in all events when a policy is transferred hereto, the Trustee shall have no duty or responsibility whatsoever to evaluate any life insurance policy held hereunder, nor to evaluate the financial condition of the underwriter of any such policy. It is Settlor's intent that the provisions of the Uniform Prudent Investor Act of the State where the trust is being administered or any other provisions creating an obligation to diversify assets not apply to any life insurance policy held hereunder.

## ARTICLE G

## SIGNATURES

We hereby accept, agree to and declare the foregoing trust, consisting of seven (7) Articles, as follows:

| Article | Title | Page |
|---------|-------|------|
| A | Introduction | 1 |

| B | Distribution of Income and Principal | 1 |
| C | Appointment of Trustees | 4 |
| D | Powers of Trustees | 5 |
| E | General Provisions | 17 |
| F | Provisions Relating to Life Insurance | 21 |
| G | Signatures | 22 |

Executed as of the date first above written.

WITNESS:

_____
Witness #1

_____
Witness #2

_____
John D. Betres
"Settlor"
Dated: 11/1/07

Witness #1 _____

Witness #2 _____

Sue L. Betres

"Investment Trustee"

Dated: _11_/_1_/_07_____

24

*Kari L. Thorpe*
Witness #1

*Sarah Pruisma*
Witness #2

DEWITT ROSS & STEVENS, S.C.

By: Frederic J. Brouner
"Administrative Trustee"
Dated: _11 / 7 / 07_

25